IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **OMAR MENDOZA VILLEGAS**, <br><br>  Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br>  Respondent. | Civil No.: 3:17-CV-59 <br> (JUDGE GROH) |

### REPORT AND RECOMMENDATION

#### I. INTRODUCTION

On May 15, 2017, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Northern District of Georgia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

#### II. FACTS[1]

##### A. Petitioner's Conviction and Sentencing

On July 14, 2008, a complaint alleging various charges was filed against Petitioner. ECF No. 1. A grand jury subsequently indicted Petitioner in a five-count

---

[1] All CM/ECF references in Facts sections II.A. and II.B. refer to entries in the docket of Criminal Action No. 1:08-CR-00314, Northern District of Georgia, Atlanta Division, unless otherwise noted. The information taken from Petitioner's criminal docket in the United States District Court for the Northern District of Georgia is available in PACER.

1

indictment[2] on August 5, 2008. ECF No. 23. On December 9, 2008, a superseding indictment was returned, which charged Petitioner in Counts 1 and 2 with hostage taking, in violation of 18 U.S.C. § 1203; in Count 3 with interference with commerce by threat or violence, in violation of 18 U.S.C. § 1951(a); in Count 4 with possession of firearms during a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A); in Count 5 with unlawful transport of firearms, in violation of 18 U.S.C. 922(g)(5) and 924(a)(2); and in Count 6 with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. 846 and 841(b)(1)(A)(ii). ECF No. 63.

Prior to the start of trial, Petitioner entered into a written plea agreement with the Government on March 20, 2009. ECF No. 104. Petitioner agreed to plead guilty to Counts 1, 4, and 6 of the superseding indictment in exchange for the Government dismissal of the remaining counts of the indictment. Id.

On July 7, 2009, Petitioner was sentenced to 210 months of imprisonment for Counts 1 and 6, which were ordered to run concurrently to one another, and to 84 months of imprisonment on Count 4 to run consecutively with Counts 1 and 6, for a total of 294 months and five years of supervised release. ECF No. 114.  Petitioner did not file a direct appeal.

### B. Petitioner's Attempts for Post-Conviction Relief

On December 31, 2012, Petitioner filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582.  ECF No. 158.  The Northern District of Georgia denied the motion as untimely on February 8, 2013, because Petitioner's conviction became final more than a year prior. ECF No. 159.

On February 19, 2013, Petitioner filed a notice of appeal of the denial of his

---

[2] Petitioner's two co-defendants were also charged in Counts 1 through 5 of the indictment.

motion for reduction of sentence. ECF No. 161. In the alternative, Petitioner asked the Court to "permit him to recharacterize it as a 2255 motion." Id. The Eleventh Circuit dismissed the appeal for failure to prosecute on May 21, 2015. ECF No. 182.

On February 25, 2013, Petitioner filed a motion for certificate of appealability. ECF No. 162. On April 3, 2013, the District Court denied the motion for certificate of appealability. ECF No. 168. On June 21, 2013, the United States Court of Appeals for the Eleventh Circuit affirmed the District Court, denied as unnecessary the motion for certificate of appealability and found the appeal was frivolous.[3] ECF No. 169. Subsequently, on August 9, 2013, the Eleventh Circuit denied a motion for reconsideration of the Court's June 21, 2013 order [ECF No. 169]. ECF No. 172.

On March 16, 2015, Petitioner filed a document titled "Letter of Inquiry", which the Court construed as both a motion to reduce sentence and as Petitioner's first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF Nos. 177, 175. In an attempt to clarify the relief sought by Petitioner, the Court entered an order on March 31, 2015, which directed Petitioner to submit an amended § 2255 motion that set forth all claims he wished to assert within thirty days. ECF No. 178. The Order further notified Petitioner that "failure to respond to this Order will be interpreted as a withdrawal of [the] motion." Id. On April 27, 2015, Petitioner filed a motion to reduce sentence based on Amendment 782 to the Sentencing Guidelines. ECF No. 179.

On May 14, 2015, a "Final Report and Recommendation" was entered, which recommended Petitioner's § 2255 motion be dismissed without prejudice for failure to prosecute. ECF No. 180. It was further recommended that Petitioner be denied a

---

[3] On July 15, 2013, the Eleventh Circuit dismissed Petitioner's appeal because Petitioner failed to timely pay the filing and docketing fees to the District Court. ECF No. 170.

certificate of appealability. Id.

On May 28, 2015, the Court entered an order which denied the relief sought by Petitioner. The Court first denied his motion to vacate sentence [ECF No. 177] because Petitioner failed to submit an amended motion. ECF No. 184. The same order then denied Petitioner's motion to reduce his sentence [ECF No. 175] because Petitioner "filed a second motion for sentence reduction pursuant to Amendment 782, [ ] which effectively replaces the previous motion." ECF No. 184. Also on May 28, 2015, the Court entered a judgment which denied and dismissed the motion to vacate. ECF No. 185. Based on the Court's May 28, 2015 order [ECF No. 184], on June 16, 2015, a minute order was entered which adopted the Report and Recommendation. On January 24, 2017, the District Court denied Petitioner's motion [ECF No. 179] for a sentence reduction. ECF No. 207. In its order, the District Court noted that "the only way for [Petitioner] to obtain the relief sought would be under a § 2255 motion, which…would be untimely." Id. at 3.

On September 16, 2015, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of West Virginia. N.D.W.Va., 3:15-CV-110, ECF No. 1. On August 15, 2016, the Magistrate Judge Aloi recommended the petition be denied. N.D.W.Va., 3:15-CV-110, ECF No. 16. On January 23, 2017, Chief District Court Judge Groh adopted the Report and Recommendation and denied and dismissed the petition. N.D.W.Va., 3:15-CV-110, ECF No. 20.

C.   **Instant § 2241 Petition**[4]

In support of his § 2241 petition now before this Court, Petitioner claims he is innocent of the 18 U.S.C. § 924(c)(1)(A) conviction because the crime of possession of firearms during a crime of violence is no longer a "crime of violence." ECF No. 1 at 5. Petitioner claims that under the United States Supreme Court decision in Mathis v. United States, 136 S. Ct. 2243 (2016), possession of firearms during a crime of violence is no longer a crime of violence, and further, that Mathis should be applied retroactively. ECF No. 1-1 at 4-8. Although not a vision of clarity, it appears that Petitioner is seeking to have his conviction and sentence invalidated. To the extent that Petitioner challenges his conviction, he does not ask the Court to vacate his conviction. ECF No. 1 at 1, 8. Rather, Petitioner asks that the Court "vacate his present sentence of [a] crime of violence and re-sentence the Petitioner without the crime of violence enhancement." Id. at 8.

### III.   **LEGAL STANDARD**

A.   **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

---

[4] All CM/ECF references in Facts section II.C. refer to entries in the docket of Civil Action No. 3:17-CV-59, Northern District of West Virginia, Martinsburg Division, unless otherwise noted.

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.     Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**C.     Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[6] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of §

---

c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

## IV.    ANALYSIS

Petitioner does not seek relief under any permissible ground in his § 2241 petition.  Petitioner's sole ground asserts that he is "actually and factually innocent" of § 924(c)(1)(A)(ii), possession of firearm during a crime of violence (hostage taking) as charged in Count 4 of the indictment, because that offense "is no longer a crime of violence."  ECF No. 1 at 5.  He seeks to have his sentence invalidated and to be resentenced "without the crime of violence enhancement."  Id. at 8.  His claim is unrelated to either the execution of sentence or calculation of sentence by the Bureau of Prisons.  Instead his claim relates to the validity of the sentence imposed in the Northern District of Georgia.  Such a claim is properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. Petitioner states that his petition concerns both his conviction and his sentence, and claims that he is factually innocent of his conviction under Count 4. ECF No. 1 at 1, 7, 10. Accordingly, this Court must first apply the Jones standard to his claims. Even if Petitioner satisfied the first and the third elements of Jones, the crimes for which Petitioner was convicted, including possession of a firearm during the commission of a crime of violence, remain criminal offenses. Accordingly, therefore Petitioner cannot satisfy the second element of Jones. Consequently, to the extent Petitioner attacks the validity of his conviction, he fails to establish that he meets the Jones requirements, and cannot demonstrate that § 2255 is an inadequate or ineffective remedy.

Next, the Court must review a petition which contests the imposed sentence under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

Petitioner asserts [ECF No. 1-1 at 10] that he is entitled to relief under Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015), in which the Supreme Court struck the residual clause of the ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. However, the only portion of the ACCA that

was invalidated[7] was the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) which defines "violent felony" as any crime punishable by more than one year in prison "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . " 18 U.S.C. § 924(e)(2)(B)(ii). Moreover, in order to be entitled to raise a <u>Johnson</u> argument regarding the invalidity of the residual clause of 18 U.S.C. § 924, Petitioner must first have demonstrated that was sentenced under the ACCA. Petitioner was not sentenced under § 924(e)(2)(B)(ii), and accordingly, <u>Johnson</u> affords him no relief.

Here, the "crime of violence" enhancement was applied to Petitioner's sentence under 18 U.S.C. § 924(c)(1)(A)(ii), not under 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held in <u>Johnson</u>, that the definition of "violent felony" was unconstitutionally vague in the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). However, the Supreme Court further recognized that its decision "does not call into question application of the Act to the four enumerated offenses, or the residual clause of the Act's definition of a violent felony." 135 S.Ct. at 2563. Moreover, even if <u>Johnson</u> were applicable to Petitioner's situation, his <u>Johnson</u> claim is untimely raised.[8]

Additionally, Petitioner's reliance on <u>Mathis</u> is misplaced, because the Supreme Court in <u>Mathis</u> unequivocally stated that it was not announcing a new rule and that its decision was dictated by decades of precedent. 136 S.Ct. at 2257. Moreover, the holding of <u>Mathis</u> has not been held to be retroactive to cases on collateral review.

---

[7] The provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive . . ." also remains in full force and effect. 18 U.S.C. § 924(e)(2)(B).

[8] The one year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in <u>Johnson</u> expired on June 26, 2016. The instant case was not filed until nearly a year after that deadline, on May 15, 2017.

11

Walker v. Kassell, __ Fed. Appx. __, 2018 WL 2979571 (June 13, 2018). Because Mathis does not announce a new rule of law, and is otherwise irrelevant to the determination of whether Petitioner can assert his claims under § 2241, Petitioner cannot meet the second prong of Wheeler. It is clear that Petitioner attacks the validity of his sentence, but fails to establish that he meets all of the Wheeler conditions. Accordingly Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241.

All of the issues asserted by Petitioner in his § 2241 petition are matters properly considered in a § 2255 motion. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to

appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** June 21, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE